IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | CRIMINAL NUMBER 22cr295 (CKK) |
| § | |
| NEIL ASHCRAFT § | |

### NEIL ASHCRAFT'S SENTENCING MEMORANDUM

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant Neil Ashcraft ("Ashcraft") to file this Sentencing Memorandum to assist this Court in determining Mr. Ashcraft's appropriate sentence, and respectfully shows this Honorable Court as follows:

### I. Introduction

The advisory sentencing range calculated under the United States Sentencing Guidelines ("Guidelines") recommends placing Ashcraft in prison for a total term of 0 - 6 months for a violation of 18 U.S.C. § 641 (Theft of Government Property) and violation of 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds).

### II. Sentencing Procedure and Considerations

As this Court is aware, the Guidelines are no longer mandatory. *See United States v. Booker*, 543 U.S. 220, 260-61 (2005). Subsequent Supreme Court decisions have significantly broadened the range of sentencing choices dictated by the specific facts of a case[1] and authorize a district court to freely make its own reasonable application of the § 3553(a) factors, and after due

---

[1] *See e.g., Gall v. United States*, 552 U.S. 38 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007); *Rita v. United States*, 551 U.S. 338 (2007); *Cunningham v. California*, 549 U.S. 270 (2007).

consideration, decline to impose a sentence based on the guidelines. *See Kimbrough*, 552 U.S. at 113 (Scalia, J., concurring). Moreover, in determining a sentence, district courts are free to consider any and all evidence concerning a defendant. *See* 18 U.S.C. § 3661. Overall, 18 U.S.C. § 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" 3553(a)(2).

### III.  Analysis of Relevant 18 U.S.C. § 3553(a) Factors

#### A.  Nature and Circumstances of the Offense

Ashcraft plead guilty to his role in violating 18 U.S.C. § 641 (Theft of Government Property), and violation of 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds). Both are misdemeanor offenses. In short, on January 6, 2021, Mr. Ashcraft entered the capitol building, when he knew that he had no legal right to do so, and took a United States Flag that was property of the United States Government. Mr. Ashcraft was not charged with, nor is it alleged that he assaulted anyone or committed any acts of physical violence during the commission of these offenses. While this is not to make light of Mr. Ashcraft's actions, it is still an important distinction to raise when this court considers what punishment would be appropriate given the other sentences handed out in similar cases to similarly situated defendants.

#### B.  History and Characteristics Relevant to Sentencing

Mr. Ashcraft was born on December 13, 1983, in Winter Park, Florida and was raised by both parents. Mr. Ashcraft is also the youngest of four children. They have both indicated a strong desire to see Mr. Ashcraft through this and offer all the help they can to ensure that he comes through this a better person. Mr. Ashcraft has been married to his wife since 2013 and have had

two children together, along with Mr. Ashcraft's stepson. Mr. Ashcraft has the support of his community and loved ones as evidenced by numerous character letters written on her behalf. *See* (Exhibit "A").

Mr. Ashcraft is not a hardened criminal, but rather an otherwise law-abiding, hard-working citizen who made a poor choice in his actions on January 6, 2021. While the 2020 presidential election caused a societal disturbance and uprising within the United States, Mr. Ashcraft recognizes that he was not forced to participate in this activity and accepts full responsibility for his actions. His background shows that this is aberrant behavior on his part, and he has the ability and desire to lead a full, productive, and promising life.

## C.  The Need for the Sentence Imposed

### 1.  To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

Mr. Ashcraft understands that he has been convicted of a crime and he should be punished accordingly with a sentence that promotes respect for the law and provides just punishment. "Respect for the law is promoted by punishments that are fair, however, not those that simply punish for punishment's sake." *United States v. Stern*, 590 F. Supp.2d 945, 956-57 (N.D. Ohio 2008). "[A] sentence of [lengthy] imprisonment may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." *Id*. (quoting *Gall*, 128 S. Ct. at 599).

A defendant who deserves leniency but is sentenced harshly does nothing to promote respect for the law. The same is true for a defendant who deserves a harsh punishment but receives

a simple slap on the wrist. The sentence must be balanced, taking into consideration all of the sentencing factors. Consequently, a just punishment for Mr. Ashcraft is one that balances the severity of his crime with his individual characteristics.

Upon the Government's request, Mr. Ashcraft immediately debriefed with agents and gave a truthful and honest accounting of his activities that day. Both he and his wife immediately took accountability for their actions and agreed to plead guilty to misdemeanor offenses without the necessity of a case being litigated whatsoever. The plea agreements were agreed to and signed prior to criminal complaints being filed. Mr. Ashcraft has agreed, as a part of his plea, to fully reimburse the Government for the cost of the property, as well as to pay a portion of restitution for the damage caused to the Capitol and its grounds. When taking these mitigating factors into consideration, along with the specific offense conduct of Mr. Ashcraft, a sentence of probation is just, reasonable, and would promote respect for the law.

**2. To Provide Adequate Deterrence to Criminal Conduct**

A probationary term is sufficient to deter both Mr. Ashcraft and others in the future. Even with a sentence of probation, this federal offense will forever be present on Mr. Ashcraft's background and will forever impact his ability to find a job, to being promoted within a corporation, and to volunteer and participate in community events with his children's school. He will pay a lifelong price for his decisions on that day, and a sentence of imprisonment is not necessary to deter future conduct of this type. It will also demonstrate to others that if one accepts responsibility for their actions and you abide by the rules while on Pretrial release you will receive the benefit of a reasonable sentence.

### 3. Need to Protect the Public from Further Crimes by Ashcraft

Likewise, a term of probation will adequately protect the public. Mr. Ashcraft has no criminal history whatsoever. Since this incident, he has not picked up any additional charges. Mr. Ashcraft was released with personal recognizance bond conditions on September 2, 2022. Since his release, Mr. Ashcraft has remained in full compliance with all requirements and has even been permitted to travel by this Court for work. This case represents aberrant behavior and is not at all consistent with who Mr. Ashcraft is as a person. There is nothing to indicate that, if granted probation, Mr. Ashcraft would pose a risk to anyone in the public.

### 4. To Provide Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

When determining a sentence to be imposed, another factor that can be considered by the Court is the cost of incarceration. *See e.g.*, *United States v. McFarlin*, 535 F.3d 808, 810-11 (8th Cir. 2008) (defendant convicted of conspiracy to distribute crack cocaine, with guideline range of 97 to 121 months, sentenced to home detention and probation for three years; court noted that home detention is "equally efficient and less costly than incarceration" and that § 3553(a)(2)(D) allows courts to "consider the need for medical care when determining a sentence."); *United States v. Angelos*, 345 F. Supp. 2d 1227 (D. Utah 2004) (cost of mandatory 61-year-sentence runs to $1,265,000, money that could otherwise be spent on other law enforcement or social programs to reduce crime); *United States v. Hughes*, 825 F. Supp. 866 (D. Minn. 1993) (court noting that "the non-rehabilitation purposes of incarceration-retribution, deterrence and incapacitation would all be more than adequately served by a far shorter sentence. Both society and the defendant will pay a dear cost for this sentence and receive very little in return."). Mr. Ashcraft holds a bachelor's

degree in forensic investigations and obtained his commercial driver's license (CDL) in 2008. He has remained gainfully employed throughout the pendency of this case and looks forward to continuing this career once on probation to support his family. Mr. Ashcraft does not require any specialized training or correctional treatment to continue to be a productive, and law-abiding citizen. Indeed, a custodial sentence (even one of just 30 days) would do more harm than good, as it would severely jeopardize Mr. Ashcraft's ability to keep his job and remain employed at his current position.

### V.  CONCLUSION

Mr. Ashcraft submits that a sentence of probation would be an appropriate exercise of the Court's sentencing discretion, and consistent with the principle of parsimony expressed in § 3553(a) - "sufficient, but not greater than necessary," to serve all the appropriate purposes and concerns which go into the fashioning of a fair and just sentence. A sentence of probation would be a "within guidelines" sentence and would not be considered a downward variance, and would thus be per se reasonable under the current standards of sentencing. When viewing the totality of the circumstances surrounding this specific defendant, his quickness in accepting responsibility, his cooperation with the Government, and the complete lack of any risk factors that would make him likely to reoffend, a sentence of probation would be a fair, just, and reasonable punishment.

WHEREFORE, PREMISES CONSIDERED, Mr. Ashcraft prays that this Motion will be granted, that the Court sentence Mr. Ashcraft to a term of probation, and to grant all other relief the Court deems appropriate.

Respectfully submitted,

WHALEN LAW OFFICE

/s/ Ryne T. Sandel
RYNE T. SANDEL
TX. STATE BAR NO. 24081689
9300 John Hickman Parkway, Suite 501
Frisco, Texas 75035
Telephone: (214) 368-2560
Facsimile: (972) 829-8654
rsandel@whalenlawoffice.com

COUNSEL FOR DEFENDANT
NEIL ASHCRAFT

## CERTIFICATE OF SERVICE

On the 22nd day of February 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, District of Columbia, using the electronic case filing system of the court. I hereby certify that I have served the United States Probation Officer, and all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

/s/ Ryne T. Sandel
RYNE T. SANDEL
